**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
250 West 34th Street
New York, New York 10119-3701
Telephone: (212) 613-2000

One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4803
Facsimile: (973) 639-6327

**LEE, HONG, DEGERMAN, KANG & WAIMEY**
660 South Figueroa St., Suite 2300
Los Angeles, CA 90017
Telephone:    (213) 623-2221

Larry R. Schmadeka, *Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PIERRO,<br><br>                     Plaintiff,<br><br>against<br><br>DAEWOO MOTOR AMERICA, INC., DAEWOO MOTOR AMERICA, DAEWOO MOTOR, DAEWOO, GM DAEWOO AUTO & TECHNOLOGY CO., GENERAL MOTORS CORP., JOHN DOES #1-5, and XYZ CORPORATIONS #1-5,<br><br>                     Defendants. | INDEX NO.: 1:08-cv-0063-RJD-JMA<br><br>**DECLARATION OF LARRY R. SCHMADEKA IN SUPPORT OF CROSS-DEFENDANT DAEWOO MOTOR CO., LTD.'S OPPOSITION TO CROSS-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT AGAINST DAEWOO MOTOR CO., LTD.** |

I, Larry R. Schmadeka, hereby state and declare as follows:

1.  I am an attorney duly licensed to practice law in the State of California and am an attorney at the law offices of Lee, Hong, Degerman, Kang & Waimey ("LHDK&W"). This law firm serves as national counsel for Daewoo Motor Co., Ltd. ("DWMC") in regard to product liability actions filed in the United States and I have been involved in the supervision and defense of these lawsuits. Except as stated on information and belief, I have personal knowledge of the facts herein mentioned and could competently testify thereto if called upon as a witness to do so.

2.  On or about December 4, 2007, John Pierro filed the underlying action, alleging causes of action for negligence and products liability claims against various defendants, including DWMC and Daewoo Motor America, Inc. ("DMA"). For the Court's convenience, a true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

3.  On or about February 29, 2008, DMA answered the complaint. In its answer, DMA admitted that it is organized under the laws of the State of Delaware, with its principal place of business in California, and that it conducts business in New York. For the Court's convenience, a true and correct copy of DMA's Answer to Plaintiff's Complaint is attached hereto as Exhibit "B."

4   On or about August 22, 2008, DWMC answered plaintiff's complaint.

5.  Thereafter, on or about October 7, 2008, DMA filed a cross-claim against DWMC alleging causes of action for contractual indemnity, common law indemnity, contribution, breach of written contract, breach of oral contract, declaratory judgment, declaratory judgment: future lawsuits, specific performance and injunctive relief. DMA bases its claim for contractual indemnity on two letters, dated April 11, 2000 and April 18, 2001, in which DMA "requested that DWMC confirm that it had agreed to reimburse DMA for certain expenses associated with the Distribution Agreement." A true and correct copy of DMA's Cross-Claim against DWMC is attached hereto as Exhibit "C."

6. DMA did not attach the November 18, 1999 Automobile Purchase and Distribution Agreement ("Distribution Agreement") between DMA and DMC to the Cross-Claim. Under the terms of the Distribution Agreement, DMA agreed to purchase vehicles and parts manufactured by DWMC. The Distribution Agreement contains <u>no</u> express terms or provisions regarding the availability of <u>any type</u> of attorneys' fees or costs. A true and correct copy of the Distribution Agreement (attached to DMA's Third Amended Cross-Complaint in the matter entitled: <u>Bandy v. Daewoo Corporation et. al.</u>, Los Angeles Superior Court, Case No. TC017448 ("<u>Bandy</u> matter"), as Exhibit "A") is attached hereto as Exhibit "D." Likewise, neither the April 11, 2000 nor the April 18, 2001 letters ("Audit Letters") contain any express terms or provisions regarding attorneys' fees or costs. True and correct copies of the two letter agreements (attached as Exhibits "B" and "C," respectively, in its Third Amended Cross-Complaint in the <u>Bandy</u> matter) on which DMA bases its claims on are attached as Exhibit "E" and "F," respectively.

7. In five separate cross-claims for indemnity filed by DMA against DMWC between May 2006 – October 2008, in different jurisdictions, including this matter, DMA has advocated that the Audit Letters arise from the Distribution Agreement [In the April 11, 2000 Audit Letter "DMA requested that DWMC confirm, in writing, that it had agreed to reimburse DMA for certain expenses associated with its Distribution Agreement."]. Attached are true and correct copies of DMA's Cross-Claims for Indemnity filed in the other cases, attached as Exhibits "G" – "J," respectively. <u>Exhibit G</u>: <u>Adams, et al. v Daewoo Motor America, Inc, et al.</u>, Case No. Y0657-00010, filed in the District Court of Matagorda County, Texas on or about May 29, 2006; <u>Exhibit H</u>: <u>Resende, et al. v The Cooper Tire & Rubber Company, et al.</u>, Case No. CV2004-009382, filed in Superior Court of Arizona, Maricopa County on or about July 7, 2006; <u>Exhibit I</u>: <u>Estate of Micalizio v. Daewoo, et al.</u>, Case No. 06-cv-5187 (GEB-TJB), filed in United States District Court, District of New Jersey on or about November 8, 2006; <u>Exhibit J</u>: <u>Soares v. Rent-A-Wreck of America, et al.</u>, Case No. 06-00631, filed in Superior Court of Commonwealth of Massachusetts on or about February 26, 2008. See also Exhibit "C," above.

8.      In two unsuccessful applications for a preliminary injunction in two separate cases, DMA and its President Yeong Soo Hong asserted that the two letters confirm that DWMC agreed to "reimburse DMA for certain expenses associated with the Distribution Agreement." [Emphasis added]. A true and correct copy of DMA's Memorandum of Law In Support of Its Application of Order To Show Cause For Preliminary Injunction and Declaratory Judgment Against Daewoo Motor Co., Ltd and the Declaration of Yeong Soo Hong in support of the Preliminary Injunction and Declaratory Judgment filed in the Micalizio matter are attached hereto as Exhibits "K" and "L," respectively. A true and correct copy of the Declaration of Yeong Soo Hong In Support of Preliminary Injunction and Declaratory Judgment filed in the Soares matter is attached hereto as Exhibit "M."

9.      In April and May 2007, in making its Report of Claims, including its Amended Report of Claims, with DMWC's liquidation, DMA stated: "Pursuant to expressed provisions of the Distribution Agreement and the common law, Daewoo Motor, as the manufacturer of vehicles and parts, should pay all the compensation for damages in relation to the product liability and indemnify DMA against expenses including attorneys' fees and other expenses…" True and correct copies of DMA's April 30, 2007 Report of Claims (with English translations) and May 29, 2007 Amended Report of Claims (with English translations) filed in DWMC's Korean Bankruptcy proceeding are attached as Exhibits "N" and "O," respectively.

10.     In the Micalizio matter, on December 5, 2008, DMA and its President Yeong Soo Hong again asserted that the Audit Letters "confirm the parties understanding that DWMC agreed to reimburse DMA for expenses stemming from its performance of the Distribution Agreement, which is to distribute Daewoo automobiles in the United States." A true and correct copy of DMA's Memorandum of Law in Opposition to DWMC's Motion for Partial Summary Judgment and the Declaration of Yeong Soo Hong are attached hereto as Exhibit "P."

11.     In the Bandy matter, on or about April 15, 2009, DMA, through its General Counsel, Agnes Cha, asserted that the Audit Letters "confirm that it [DWMC] had agreed to reimburse Daewoo America for certain expenses associated with the Distribution Agreement."

True and correct copies of Starpoint's [DMA] Opposition to DWMC's Motion for Summary Adjudication To Third, Seventh, and Eighth Causes of Action to Starpoint's [DMA] Third Amended Cross-Complaint, and the Declaration of Agnes Cha are attached hereto as Exhibit "Q."

12.  Also, in the <u>Bandy</u> matter, in responses to discovery, Starpoint [DMA] asserted "DWMC and Starpoint had an agreement from the beginning of their relationship, which provided among other things, that DWMC would indemnify and hold harmless Starpoint from any claims, demands, legal proceedings, and to pay for all legal fees, costs and expenses, relating to any such claims…involving the distribution of DWMC's vehicles…" True and correct copies of Starpoint's [DMA] Responses to DWMC's Special Interrogatories, Set One, Starpoint's [DMA] Responses to DWMC's Special Interrogatories, Set Two, and Starpoint's Responses to DWMC's Special Interrogatories, Set Three are attached hereto as Exhibits "R," "S" and "T," respectively.

## California State Indemnity Case Filed by DMA

13.  On or about October 8, 2003, Michelle Bandy filed a complaint alleging products liability claims against, inter alia, Daewoo Motor Co., Ltd. and Daewoo Motor America, Inc. for injuries plaintiff allegedly sustained in an accident that occurred on October 10, 2002 while plaintiff operated a Daewoo vehicle. In the <u>Bandy</u> matter, DWMC and DMA were sued as the vehicle's manufacturer and distributor, respectively. Attached hereto as Exhibit "U" is a true and correct copy of Michelle Bandy's Complaint for Damages in the matter entitled: <u>Bandy v. Daewoo Corporation et. al.</u>, Los Angeles Superior Court, Case No. TC017448 ("<u>Bandy</u> matter").

14.  On June 18, 2005, DWMC settled the underlying <u>Bandy</u> action on behalf of itself and all parties in the product's chain of distribution, including DMA, and on July 14, 2005, Plaintiff filed a dismissal, with prejudice, as to all defendants. A true and correct copy the Request for Dismissal is attached hereto as Exhibit "V."

15.  On or about May 13, 2008, I took the deposition of DMA's CEO Yeong Soo Hong in the <u>Bandy</u> matter. Attached hereto as Exhibit "W" are true and correct copies of the relevant pages of the Deposition of Yeong Soo Hong, dated May 13, 2008.

16. On October 20, 2008, DMA [Starpoint] filed its Third Amended Cross-Complaint. A true and correct copy DMA's [Starpoint's] Third Amended Cross-Complaint is attached hereto as Exhibit "X."

17. On January 16, 2009, I took the deposition of DMA's person most knowledgeable and General Counsel Agnes Cha in the Bandy matter. Attached hereto as Exhibit "Y" are true and correct copies of the relevant pages of the Deposition of Agnes Cha, dated January 16, 2009.

18. On November 12, 2009, DWMC's Motion for Summary Adjudication came on for hearing. The court, having considered the papers and hearing oral arguments granted DWMC's motion and, among other things, dismissed DMA's causes of action for Declaratory Relief for Indemnity of Future Lawsuits. The court's ruling found, as a matter of law, that DMA's cause of action for declaratory judgment as to future lawsuits was not ripe for determination in that (1) there was no justiciable issue; (2) claims for future damages are speculative; and (3) there was no immediate hardship relating to future product liability lawsuits. A true and correct copy the Notice of the Court's Ruling is attached hereto as Exhibit "Z."

19. The Bandy matter is scheduled to commence trial on June 22, 2010.

**DMA's Bankruptcy Matter in the Central District of California**

20. On May 16, 2002, before the events giving rise to this case occurred, DMA filed Chapter 11 bankruptcy in the United States Bankruptcy Court, Central District of California, Case No. 02-24411 (adversary Case No. 03-02155-BB) ("Bankruptcy matter").

21. On November 18, 2002, DWMC filed a proof of claim in the DMA bankruptcy for approximately $158 million in unpaid invoices for vehicles and parts shipped by DWMC to DMA pursuant to the November 18, 1999 Distribution Agreements between DWMC and DMA.

22. After several amendments, on November 14, 2007, DMA filed its Third Amended Objection to Proof of Claim and Counterclaims ("Third Amended Counterclaim") as to DWMC's proof of claim. DMA's Third Amended Counterclaim asserts counterclaims for (1) declaratory relief re-characterizing DMA's debt to DWMC as equity… and (3) breach of contract, i.e., the November 18, 1999 Distribution Agreement. DMA's claims are based on the

same Distribution Agreement and two letters at issue in this matter. A true and correct copy DMA's Third Amended Objection to Proof of Claim and Counterclaims is attached hereto as Exhibit "AA."

23. In its discovery responses in the Bankruptcy matter, DMA stated that "DMWC is liable for DMA's product liability, including but not limited to, pending and future liability and attorneys' fee and costs. Although products liability is the subject of separate litigation pending in other jurisdictions, it is also a part of the breach of contract claim [i.e. Distribution Agreement] at issue in this case...." True and correct copies of DMA's Responses to DWMC's Third Set of Interrogatories and Second Supplemental Response to Interrogatory No. 172, are attached hereto as Exhibits "BB."

24. I have been in contact with Peter Ostroff and Michelle Goodman of Sidley Austin, LLP, who are trial counsel for DWMC in the DMA Bankruptcy matter and who have been providing me with detailed information regarding the happenings, rulings, and/or status of events in that matter. On or about May 20, 2008, Ms. Goodman provided to my office numerous email correspondences and associated documents between them and DMA's counsel in the bankruptcy matter regarding DMA's position on including or otherwise excluding DMA's product liability claims, including indemnity claims, in the Bankruptcy matter. In a December 23, 2008 email, DMA's bankruptcy counsel admitted that "with respect to products liability... on the one hand, it is being litigated elsewhere, but it is technically part of the breach of contract claim in this case as well..." Attached as Exhibit "CC" is an email correspondence from Ms. Carol Chow to Mr. Ostroff and Ms. Goodman dated December 23, 2008.

25. On March 23, 2010, trial commenced in DMA's Bankruptcy matter. DMA claimed that DWMC breached the Distribution Agreement and two Audit Letters because DWMC failed to reimburse DMA for warranty and free maintenance expenses, totaling approximately $45 million. DMA asserted that it is entitled to reimbursement for the warranty expenses and free maintenance expenses. DMA apparently did not proceed at trial with its claims for product liability indemnity. DWMC asserted that it did not breach the agreement

because, pursuant to its approximate $158 million proof of claim, it intended to pay DMA for any outstanding amounts owed through recoupment of the amounts DMA owed DWMC.

26. Among other things, DMA asserted that the two Audit Letters are evidence that the debt (i.e., the unpaid invoices for vehicles and parts purchased) to DWMC should be re-characterized as equity because, inter alia, DMA was dependent on DWMC for a variety of financial support, including, coverage for product liability claims, i.e., DWMC agreed to reimburse DMA for all products liability expenses, and to hold DMA harmless from any claim, demand or legal proceeding involving allegations of breach of any warranty related to DWMC products.

27. On May 6, 2010, the bankruptcy court ruled that DMA's re-characterization claim fails as a matter of law. The court also ruled that DWMC is entitled to recoup the amounts owed for warranty and free maintenance payments from the $158 million debt DMA owed to DWMC. Attached hereto as Exhibit "DD" is a true and correct of the Bankruptcy Court's May 6, 2010 Tentative Ruling.

28. On May 18, 2010, the bankruptcy court reconvened. During the hearing, the court held that, even if DWMC had an obligation to reimburse DMA for warranty and free maintenance expenses, DMA's prior breach of the Distribution Agreement – because it did not perform – excused DWMC's performance under that agreement. Attached hereto as Exhibit "EE" are true and correct copies of the relevant pages pertaining to the Bankruptcy Court's May 18, 2010 hearing.

29. DWMC will submit its proposed statement of findings and proposed final judgment on June 21, 2010. The court, after any objection by DMA and resolution thereof, will enter final judgment.

**Lack of Evidence of Future Litigation**

30. Currently, there is only one other product liability lawsuit that is without a settlement and that is currently being pursued by a plaintiff: Manuel Bernal, et al. v. Daewoo Motor America, et al. United States District Court, District of Arizona, Case No. 2:09-cv-01502

(DGC), which was filed on July 29, 2009.

31. I am informed and believe that DMA, in its seeking approval of its reorganization plan in the Bankruptcy matter, submitted, on or about September 15, 2003 declaration and reports of its retained expert, Patrick F. Kennedy, Ph.D. who offered testimony regarding DMA's future product liability exposure. Attached hereto as Exhibit "FF" is a true and correct copy of the September 15, 2003 Declaration of Patrick F. Kennedy, Ph.D. in Support of The Confirmation of the "Debtor's Sixth Amended Chapter 11 Plan of Reorganization."

### DWMC's Liquidation

32. On May 11 and 12, 2009, DMA's counsel, T. Steven Har, took the deposition of DWMC's Seung Yong Kim in Korea. True and correct copies of the relevant pages of the Deposition of Seung Yong Kim, Vols. 1 and 2 are attached hereto as Exhibit "GG."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 15, 2010

Larry R. Schmadeka