

ROBERT D. BROWN, JR.
Associate

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4831 Fax: (973) 639-8377
rbrown@gibbonslaw.com

March 17, 2011

**VIA ELECTRONIC FILING**

Honorable Raymond J. Dearie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  **John Pierro v. Daewoo Motor America, et al.**
            **Case No.:  08-CV-0063 (RJD)(JMA)**

Dear Judge Dearie:

      This office serves as co-counsel to defendant Daewoo Motors Co., Ltd. (DWMC) in the above-referenced matter.  Please accept this correspondence in response to the March 7, 2011 correspondence filed by counsel for DMA.

      In response to DMA's letter, DWMC wishes to point out to this Court that contrary to DMA's arguments, DMA's defense of the present claim and the enforcement action pursued by DMA on the contractual indemnity issues are being funded not by DMA directly but by the Creditor Trust set up during the reorganization phase of DMA's bankruptcy proceeding.  There is no evidence that either DMA's defense or its prosecution of the enforcement claims are being funded directly by DMA.  As of December 31, 2010, the Creditor Trust had a balance of $2,207,083.02 in cash on hand.  DMA has already spent millions in defense and enforcement claims that have significantly depleted the once abundant, cash assets held in the Creditor Trust.  See DWMC's Memorandum of Points and Authorities in Support of Its Motion to Implement Plan

GIBBONS P.C.

Honorable Raymond J. Dearie, U.S.D.J.
March 17, 2011
Page 2

filed in the United States Bankruptcy Court, Central District of California along with supporting Declarations of Joshua E. Anderson and Larry R. Schmadeka attached hereto as Exhibits A, B, and C.

Pursuant to the California Bankruptcy Court's findings in DWMC's favor, DWMC is entitled to a $118,131,046.99 claim against the assets maintained in DMA's Creditor Trust. See DWMC's Memorandum of Points and Authorities in Support of Its Motion to Implement Plan at 3. In essence, DWMC is entitled to 53.5% of the cash assets that are currently maintained in the Creditor Trust. To allow DMA to recover defense costs in this case on an immediate basis and to compel DWMC to pay such costs on a going forward basis would result in the Bankruptcy Court's findings in DWMC's favor having no impact whatsoever. Ultimately, DWMC would be forced to pay DMA for its defense and enforcement claim when DMA is the party that ultimately has the burden of payment owed to DWMC.

We respectfully request that Your Honor consider these papers when determining the outcome of DMA's motion for summary judgment. In addition, we will continue to keep Your Honor apprised of all significant events that transpire in both of the California cases--the <u>Bandy</u> state court litigation and the adversary proceeding in the Bankruptcy Court.

Respectfully submitted,

Robert D. Brown, Jr.

RDB/Enclosure
cc:    All Counsel of Record (via ECF)