UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN PIERRO,                                              MEMORANDUM & ORDER
                                                          08 CV 0063 (RJD) (JMA)
                    Plaintiff,

        -against-

DAEWOO MOTOR AMERICA, INC.,
DAEWOO MOTOR AMERICA,
DAEWOO MOTOR,
DAEWOO,
GM DAEWOO AUTO & TECHNOLOGY CO.,
GENERAL MOTORS CORP.,
JOHN DOES #1-5, and
XYZ CORPORATIONS #1-5,

                    Defendants.
-----------------------------------------------------------------X

DEARIE, Chief Judge.

Plaintiff John Pierro alleges that he was driving his 1999 Daewoo on January 9, 2005, when, as a result of a fire that started at the bottom of the vehicle, he lost control of the vehicle and struck a tree. He has sued several entities in the vehicle's distribution chain, including the manufacturer, Daewoo Motor Co., Ltd. ("DWMC"), and the distributor, Daewoo Motor America ("DMA"), asserting claims of negligence in the design and manufacture of the vehicle, strict products liability, breach of warranty and failure to warn (the "Pierro Action"). He seeks $20 million in damages for the serious and permanent injuries that he suffered.

On October 7, 2008, DMA filed a cross-claim against DWMC asserting, among other things, that DWMC is "contractually obligated to defend, indemnify and hold harmless DMA from and against any liability arising from the product liability claims alleged by [Pierro]." DMA was incorporated by DWMC in 1997 to serve as DWMC's distributor of Daewoo vehicles

in the United States. DMA and DWMC entered into an Automobile Purchase and Distribution Agreement in 1999 (the "Distribution Agreement").

DMA bases its contractual indemnification claim on two "letter agreements." The first letter agreement was sent by DMA to DWMC in April 2000. In it, DMA notified DWMC that it was conducting its fiscal-year audit for 1999 and "in connection therewith" requested that DWMC confirm that it had agreed to:

> reimburse [DMA] for all product liability expenses, including fees and disbursements to legal counsel, experts, judgments, settlement amounts not covered by the insurance policies, and all other costs normally associated with the defense of product liability litigation, relating to vehicles and parts purchased by DMA from DWMC.

DWMC signed the letter on April 11, 2000, and returned it to DMA.

DMA sent the second letter agreement to DWMC in April 2001. In it, DMA notified DWMC that it was conducting its fiscal-year audit for 2000 and "in connection therewith" requested that DWMC confirm that it had agreed to:

> indemnify and hold harmless [DMA] from any claim, demand or legal proceeding (including legal fees, costs and expenses related thereto) involving allegations of breach of any DWMC warranty related to DWMC products, bodily injury or property damage allegedly caused by a defect in design, manufacture or assembly of DWMC products or components thereof.

DWMC signed the letter on April 18, 2001, and returned it to DMA.

Currently before me is DMA's partial motion for summary judgment. DMA requests that I enter a declaratory judgment that it is entitled to contractual indemnification for the legal fees that it incurs in defending against the claims asserted in the Pierro Action and for the legal fees that it incurs in prosecuting its cross-claim to enforce its contractual right. DMA also requests

that I direct "DWMC to pay for the legal fees as DMA incurs them in this case." The parties agree that California state law applies.[1]

## DISCUSSION

As an initial matter, I reject DWMC's argument that in light of Pierro's allegation that DMA was negligent, summary judgment on DMA's contractual indemnification claim must be denied because the April 2000 and April 2001 letters "clearly limit indemnity to <u>product liability</u> matters" only. (See Opp. Br. at 14-15.) Pierro's negligence claim is predicated on his allegation that the Daewoo vehicle he was driving was defectively manufactured and/or designed; that claim falls squarely under the umbrella of products liability claims for which DWMC agreed to provide indemnification. See Lucas v. City of Visalia, 726 F. Supp. 2d 1149, 1158 (E.D. Cal. 2010) ("a plaintiff may seek recovery in a 'products liability case' either 'on the theory of strict liability in tort or on the theory of negligence.'") (quoting Merrill v. Navegar, Inc., 26 Cal.4th 465, 478, 110 Cal. Rptr. 2d 370, 28 P.3d 116 (2001)). Accordingly, I grant DMA's request for a declaratory judgment that it is entitled to the legal fees that it incurs in defending itself in the underlying Pierro Action.[2]

---

[1] See DMA Reply Br. at 6 ("However, for the purposes of this motion only, DMA will not oppose DWMC's argument that California law should apply since the issue is moot.").

[2] I also reject DWMC's argument that because the parties are litigating the contractual indemnification issue in connection with another products liability action in California state court, I should abstain from ruling on DMA's motion under the Colorado River abstention doctrine. Given DWMC's concession that the letter agreements obligate it to indemnify DMA for the legal fees that DMA incurs in defending itself against product liability claims, I see no legitimate reason to abdicate my "virtually unflagging obligation" to exercise jurisdiction over DMA's claims.

I further reject DWMC's argument that because of certain judicial findings made in DMA's pending bankruptcy proceeding in the Central District of California, DMA is "precluded by operation of *res judicata* principles" from asserting that "DWMC owes any money based on its breach of [the Distribution Agreement]," including any indemnification obligation that DWMC may owe under the letter agreements. The issue before the bankruptcy court was whether

3

I do agree with DWMC that DMA is not entitled to be indemnified for the legal fees that DMA incurs in prosecuting its cross-claim for indemnification. California law provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Code § 1021. "Generally, the inclusion of attorney fees as an item of loss in a third party claim indemnity provision does not constitute a provision for the award of attorney fees in an action on the contract." McKinzie v. Roemer, 2010 WL 2643377, at *4 (Cal. App. 1st Dist. July 1, 2010) (citing Myers Building Industries, Ltd. v. Interface Technology, Inc., 13 Cal. App. 4th 949, 968 (2nd Dist. 1993)). "[U]nless an indemnity agreement specifically provides for attorney fees incurred in pursuing the indemnification claim, the indemnitee is not entitled to such fees." Jacobus v. Krambo Corp., 78 Cal. App. 4th 1096, 1105 (1st Dist. Mar. 3, 2000) (citing Otis Elevator Co. v. Toda Construction, 27 Cal. App. 4th 559, 565-66 (6th Dist. Aug. 1, 1994)).

In arguing that it is entitled to indemnification for the legal fees that it incurs in prosecuting its cross-claim, DMA relies on the "related thereto" language in the April 2001 letter agreement, namely that DWMC will "indemnify and hold harmless [DMA] from any claim, demand or legal proceeding (including legal fees, costs and expenses <u>related thereto</u>) involving allegations of breach of any DWMC warranty related to DWMC products, bodily injury or property damage allegedly caused by a defect in design, manufacture or assembly of DWMC products or components thereof." I do not agree with DMA that this language expressly

---

DWMC was entitled to recoup amounts that it owed to DMA under the Distribution Agreement against amounts that DMA owed it for vehicles and parts that DWMC supplied under that agreement. The bankruptcy court did <u>not</u> consider whether DMA was entitled to contractual indemnification from DWMC under the letter agreements. Accordingly, I find that DMA is not estopped from litigating the claim here.

4

provides for the indemnification of claims asserted between DMA and DWMC and I will not read into the parties' agreement an obligation that does not exist. See Tecnoclima, S.p.A. v. PJC Group of New York, Inc., 1995 WL 390255 (S.D.N.Y. June 30, 1995) (holding, under New York law, that indemnity clause that required indemnitor to hold indemnitee "harmless from and against any and all claims, demands, causes of actions, suits, proceedings, liabilities, losses, damages and costs (including legal fees and expenses incident thereto)," did not create an express obligation to indemnify for claims between the parties).[3]

Finally, the parties dispute when DWMC's obligation to reimburse DMA arises. DMA argues that DWMC should reimburse it for the legal fees that it incurs as the fees are incurred. DWMC argues that DMA is not entitled to immediate recovery. The letter agreements are silent on when DWMC's obligation arises and the parties have not provided me with any relevant law to guide my decision. Given the parties' lack of guidance on the issue, I direct them to confer prior to the May 12 status conference before Magistrate Judge Azrack to reach a mutually agreeable reimbursement schedule. To the extent that the parties are unable to reach an agreement, Judge Azrack is to direct the parties on an appropriate schedule.

---

[3] Because the contractual language is clear and unambiguous, I decline DMA's offer to consider extrinsic evidence of the parties' negotiations.

## CONCLUSION

For the reasons set forth above, DMA's motion for partial summary judgment is granted in part and denied in part. DMA is entitled to indemnification for legal fees that it has incurred and will incur in defending itself in the underlying Pierro Action. DMA is not entitled to indemnification for legal fees incurred in prosecuting its cross-claim for indemnification. The parties are directed to confer on a mutually agreeable reimbursement schedule.

SO ORDERED.

Dated: Brooklyn, New York
      March 2*, 2011

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge