

PHILIP W. CRAWFORD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4803 Fax: (973) 639-6327
pcrawford@gibbonslaw.com

August 15, 2011

**VIA ELECTRONICALLY FILED**

Magistrate Judge Joan M. Azrack, USMJ
United States District Court
Eastern District of New York
United States Courthouse
Room N605
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  **Pierro v. Daewoo Motor America, Inc., et al.**
           **Civil Action No.: 08-civ-0063 (RJD)(JMA)**

Dear Magistrate Judge Azrack:

    Along with Larry Schmadeka, Esq., the undersigned represents Daewoo Motor Company, Ltd. in the above products liability. Your Honor recently issued an Order for the plaintiff to serve deposition notices on the corporate defendants by a specified date, and only if there were some other discovery issues or problems with the notices, would a previously-scheduled August 17 conference be needed. Plaintiff's counsel has now served those notices, but for the reason set forth in the attached letter to plaintiff's counsel, it is respectfully requested that the August 17 conference call go forward.

    I also attach a copy of the notices served by plaintiff on Daewoo Motor Co. (mirror images also served on co-defendant GM Daewoo Auto Technology) so the Court can see first hand the problems with vagueness and lack of specificity that my letter references. If the plaintiff is serious about pursuing the highly technical issues mentioned in the notices and document demand, the plaintiff must define the notices with the technical details inherent in the claims he is now referencing.

    Discovery in this case has been all generated by the defense to date, and Your Honor's prior Order to have plaintiff produce expert reports by June 30 is far behind us with no reports being served. If the plaintiff is now expanding this case into a crashworthiness litigation (from what was previously reported to a fire claim supposedly caused by a defective recalled engine sensor), this case is effectively starting anew and much work has to be done.

GIBBONS P.C.

Magistrate Judge Joan M. Azrack, USMJ
August 15, 2011
Page 2

      I look forward to addressing the Court on August 17.

                                Respectfully submitted,

                                Philip W. Crawford

PWC/kdc
Enclosures

cc:     All Counsel of Record
        (w/enclosures) (Via E-filing)



PHILIP W. CRAWFORD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4803 Fax: (973) 639-6327
pcrawford@gibbonslaw.com

August 15, 2011

Joseph H. Neiman, Esq.
39 Hudson Street
Hackensack, New Jersey  07601

Re: **Pierro v. Daewoo Motor America, Inc. et al.**
    **Civil Action No.:  08-CV-0063 (RJD)(JMA)**

Dear Mr. Neiman:

You have served notices for Daewoo Motor Co., Ltd. ("DWMC") to produce witnesses for deposition.  For the reasons set forth below, DWMC objects to your notices as currently framed.

At the outset, as you are aware, in 2002 DWMC, in the course of its reorganization in the Korean courts and with the approval of the Korean court sold its automobile manufacturing operations to what is now known as General Motors Daewoo Auto and Technology Company (GMDAT).  As part of that sale, manufacturing, design and testing documents were transferred to GMDAT.  Additionally, all of the engineers have left DWMC's employ and, most of them, going to GMDAT.  As such, any documents or witnesses produced or identified by DWMC in the context of this litigation will necessarily be, in the first instance, GMDAT witnesses or materials.  DWMC will be therefore unable to respond on technical issues and document production until GMDAT is prepared to respond to any document demands and deposition notices served on it.

In regard to one of your notices, DWMC can provide a witness who can speak generally to the sale and transfer of company assets to GMDAT.  That person, however, has only historical information and was not a member of the DWMC team overseeing the sale or transfer of assets to GMDAT.

While it is expected that GMDAT will respond separately to your deposition notices served on it (which are understood to mirror those served on DWMC), you should know that the deposition notices and document demands are painfully overbroad in scope and so general that realistic response is presently impossible.  While you have previously stated in the presence of the court that your claims were all about the camshaft sensor recall supposedly causing your client's car to ignite while being driven and thereby cause a loss of control, you have now served a deposition notice asking for a witness to be produced to discuss the "crashworthiness" of the vehicle. You provide no other specifics.  The car in question however is a complex device with many layers of crash protection, each with their own technical aspects and issues.  There were many engineers and personnel involved in each aspect.  With the vehicle in question being gone and all relevant evidence about the car's performance in what is likely a very high speed crash

GIBBONS P.C.

Joseph H. Neiman, Esq.
August 15, 2011
Page 2

being lost, what aspect of the car's crashworthiness are you inquiring? Until you are more specific, response to your notices will likely be impossible - if indeed you are serious about pursing this claim.

Similarly, you serve a notice asking for a witness to talk about "warnings" given and not given. Which warnings are you referring to? Again, no witnesses can be provided in response to your notices until you are more specific - if indeed you are really serious about pursuing a warning claim in this case.

The one claim you have consistently mentioned in this case, to wit: the safety recall for the camshaft positioning sensor can likely lead to the production of a witness(es) regarding same if your notice is intended for a the production of a witness who can discuss the events leading to the issuance of the recall and the scope and applicability of the recall to specific vehicles including the subject vehicle. Of course, such witnesses would have to located by GMDAT (assuming they are still in the employ of GMDAT), and DWMC will need to stand by and await GMDAT's position on this notice.

Finally, your notices call for the production of witnesses in New York. Federal civil procedure rules and defining case law, however, call for deponents to be deposed in the place where they live or work.

Because the discovery in this case has been proceeding so slowly (indeed your client's expert reports were due in June and still have not been produced), it was thought necessary to both bring these issues immediately to your attention and still accept Magistrate Azrak's offer of the August 17 telephone conference in order that resolution on these issues can be quickly accomplished. Accordingly, we look forward to your response to the issues raised herein either privately or during the Wednesday phone call with the court.

Very truly yours,

Philip W. Crawford

PWC/kdc
Enclosure

cc:     Mark E. Thabet, Esq.
        Hariklia Karis, Esq.
        T. Steven Har, Esq.
        Larry R. Schmadeka, Esq.

#1690439 v1
107196-63691

*John Pierro v. Daewoo Motor America, Inc., et al.*
*Eastern District of New York*
*Case No. 1:08-cv-00063-RJD-JMA*

## COUNSEL LIST

**Counsel for Plaintiff John Pierro**

Joseph H. Neiman, Esq.
Attorney At Law
39 Hudson Street
Hackensack, NJ 07601
Tel: 201-487-0061
Fax: 201-833-0767
E-mail: j.neiman@verizon.net

**Counsel for Daewoo Motor America, Inc., n/k/a Starpoint USA, Inc.**

T. Steven Har, Esq.
Duane Morris, LLP
1540 Broadway
New York, New York 10036-4086
Tel: 212-692-1000
Fax: 212-692-1020
E-mail: tshar@duanemorris.com

**Counsel for GM Daewoo Auto & Technology Department**

Mark E. Thabet, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 1061
White Plains, New York 10606
Tel: 914-949-2909
Fax: 914-949-5424
E-mail: skramer@eckertseamans.com
mthabet@eckertseamans.com
dziemba@eckertseamans.com

**Co-counsel**
Larry R. Schmadeka, Esq.
Lee, Hong, Degerman, Kang & Schmadeka
660 South Figueroa Street
Suite 2300
Los Angeles, CA 90017
Tel: (213) 244-7061
Fax: (213) 623-2211
E-mail: lschmadeka@lhlaw.com

**Counsel for General Motors Corp.**

Hariklia Karis, Esq.
Kirkland & Ellis LLP
200 East Randolph
Chicago, IL 60601
Tel: 312-861-2330
Fax: 312-862-2200
E-mail: hariklia.karis@kirkland.com